**Melvin Leroy TYLER, Plaintiff,**

v.

**Officers Harry PLAISTED and Thomas Parks of the Third District, St. Louis, Missouri, Defendants.**

**No. 69 C 319(1)**

United States District Court,
E. D. Missouri, E. D.

July 30, 1971.

Lewis James Anderson, St. Louis, Mo., for plaintiff.

John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This case was tried to the Court without a jury. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that defendants assaulted and beat him while he was in their custody. This Court has jurisdiction under 28 U.S.C. § 1343. This is a companion case to the case of Oliver Lyons v. Parks, No. 70 C 62(1), decided by this Court on February 23, 1971, in a memorandum opinion.

On August 3, 1968, at about 6:00 p. m., in the City of St. Louis, Missouri, Officers Parks and Plaisted heard a radio dispatch about a robbery of a supermarket and the description of the automobile used in the robbery. They saw a similar automobile, with three men in it, being driven northeast on Gravois Avenue. The officers pursued the vehicle to Pestalozzi and California Streets. The vehicle then stopped and the three occupants began firing at the officers. The officers returned the fire, but the occupants of the car made good their escape. The occupants were later identified by the officers as Melvin Leroy Tyler, plaintiff in this case, Gary Watkins, driver of the car, and Oliver Lyons, plaintiff in Case No. 70 C 62(1).

After 8:00 p. m., the same date, Officers Jansen and Miller were answering a call. They turned off Sarah Street into an alley between Sarpy and Clayton. As they turned into the alley, they saw a 1968 Chevrolet with a man standing near the car. When the man saw the police car, he got into the Chevrolet and attempted to drive away. As he did so, the officers noticed the rear window of the Chevrolet was shattered and had several bullet holes in it. The driver lost control of the car when Officer Jansen fired two shots, and the Chevrolet hit a fence, after which the driver rolled out, jumped a fence, and made good his escape by climbing the fences dividing Highway 40 from the residential area of the city.

On August 5, 1968, Officers Powers and Peterson went to the Kansas City Police Department and brought plaintiff to St. Louis, Missouri. Thereafter, on August 6, 1968, plaintiff was identified by Officers Parks and Plaisted as the man who shot at them from the car on August 3, 1968. Officer Miller, also identified plaintiff as the man who eluded him in the alley.

Plaintiff testified in the present trial that assault and beating at the hands of the defendants occurred in the Third District Police Station in St. Louis on the afternoon of August 6, 1968. He

further testified after being brought to the detectives' room to be viewed by witnesses to the armed robbery for which he was arrested, Officer Parks was given a single bullet by someone and it was placed in Parks' revolver, and he spun the chamber and put the gun to plaintiff's heart and pulled the trigger. Parks then spun the chamber a second time and pulled the trigger. Parks stated then: "You win best two out of three." Tyler testified that the gun was in Parks' left hand, but after a court recess changed his testimony to show that the gun was in Parks' right hand and not his left hand, because Parks had a bandage on his left hand from an injury received in the August 3, 1968, shooting incident.

Plaintiff further testified that Parks grabbed him from behind, around his throat, while officer Plaisted held his left leg and another officer held his right leg. Another officer struck him three times in the groin. He kicked away and fell backwards, landing on his back and head. Then various officers kicked and stomped him while he was lying on his right side. After this, two detectives held him by each arm and dragged him back to his cell and kicked him into it. He fell and his nose started bleeding. Plaintiff requested to go to the hospital and an officer from the Bureau of Inspection, Sergeant Roach, was called to the station house.

Sergeant Roach testified that he was called to the Third District Police Station about 8:30 p. m., on August 6, 1968. Plaintiff told him that he had been beaten by twenty policemen. Sergeant Roach did not notice anything unusual about plaintiff, no blood, bruises, or torn clothing. Sergeant Roach ordered that plaintiff be taken to City Hospital and nude pictures be taken of him. Sergeant Roach further testified that he interviewed Darryl Satterfield, who was in the cell next to plaintiff, and Satterfield stated that he was sleeping at the time and didn't see or hear anything.

Two of plaintiff's relatives testified that they visited plaintiff in jail and observed bruises and abrasions on plaintiff's back. Neither witness could show the marks they observed in the pictures taken of plaintiff at City Hospital.

Ruth Huddleston, an employee of the robbed supermarket, was brought to the station house to identify plaintiff as one of the robbers. She viewed plaintiff after his alleged beating, but saw nothing unusual about his appearance, except for the fact that he was in leg-irons. When prisoners are to be transported by the police in St. Louis, they are leg-ironed. Plaintiff was on his way to the hospital in this case, so that Miss Huddleston saw plaintiff immediately before his being taken to the hospital, and after his alleged beating.

The exhibits introduced by plaintiff at the trial show plaintiff in the nude, front, back, and both sides. The exhibits clearly show that plaintiff did not have bruises and abrasions on his body that are consistent with his testimony regarding the alleged beating. The photographs do show that plaintiff had a long scratch on his right leg. This scratch is consistent with his activities prior to his arrest.

The testimony of defendants Parks and Plaisted is that they did not strike plaintiff and saw no one else do so.

While there is conflicting testimony as to whether or not plaintiff was beaten at the police station by defendants, the credible evidence and testimony is that plaintiff was not beaten. The exhibits clearly show that plaintiff was not beaten and are not consistent with his testimony of the alleged beating. The Court finds from the credible evidence in this case that plaintiff was not beaten or mistreated by defendants in this case. Therefore, judgment will be entered for the defendants and plaintiff's complaint will be dismissed with prejudice.